IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| GARY EDWARD HILL | § | |
| | § | |
| V. | § | CIVIL NO. A-01-CA-364 JN |
| | § | |
| THE NORTHWESTERN MUTUAL LIFE | § | |
| INSURANCE COMPANY, RAY | § | |
| WILSON, and KAREN DEEDS | § | |

**ORDER**

Before the Court is Defendants Karen Deeds' and Ray Wilson's Motion to Dismiss and for Judgment on the Pleadings (Doc. No. 4); Plaintiff's Responses to Deeds' and Wilson's Motion to Dismiss and for Judgment on the Pleadings (Doc. Nos. 7 & 9); Deeds' and Wilson's Reply to Plaintiff's Responses to Deeds' and Wilson's Motion to Dismiss and for Judgment on the Pleadings (Doc. No. 14); Defendant Northwestern Mutual Life Insurance Company's Motion to Transfer Venue (Doc. No. 11); Plaintiff's Response to the Motion to Transfer Venue (Doc. Nos. 16 & 20); Plaintiff's Motion to Remand (Doc. No. 17); Defendants' Response to the Motion to Remand (Doc. No. 19); Plaintiff's Reply to Defendants' Response to the Motion to Remand (Doc. No. 23); Defendants' Surreply to Plaintiff's Reply to Defendants' Response to the Motion to Remand (Doc. No. 29); Plaintiff's Motion to Dismiss Defendant Northwestern Mutual Life Insurance Company's Counterclaim (Doc. No. 24); and Defendant Northwestern's Response to Plaintiff's Motion to Dismiss Counterclaim (Doc. No.27). Upon consideration of these documents, the applicable legal authority and the entire case file, the Court enters the following Order.

I. FACTUAL BACKGROUND

Plaintiff Gary Edward Hill purchased three life insurance policies and 2 disability insurance

policies from NML. Hill became disabled and made a claim on the policies. NML subsequently denied the claim. Hill then filed a complaint in the 53rd Judicial District of Travis County, Texas alleging that Northwestern Mutual Life Insurance Company (NML), Ray Wilson, and Karen Deeds violated Article 21.21 of the Texas Insurance Code. Specifically, Hill claimed that NML misrepresented that the type of disability suffered by Hill was covered by the policy he purchased, that NML, Wilson, and Deeds made material false statements, failed to affirm or deny coverage within a reasonable time, and wrongfully denied coverage.

Defendants removed the case to this court on the ground that Ray Wilson, a senior disability benefits specialist employed by NML, had been fraudulently joined by the Plaintiff to defeat diversity jurisdiction. Hill moves to remand, asserting that he has a legally cognizable claim against Wilson, and that therefore there is no diversity.

## II. ANALYSIS

1. Motion to Remand

A party alleging that the plaintiff has fraudulently joined a defendant to defeat diversity jurisdiction must show that joinder of the non-diverse defendant is the result of "outright fraud in the pleading of jurisdictional facts," or that "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Thus, it is essential to determine whether Hill could establish a cause of action against Wilson. Whenever there is a question or controversy whether diversity exists, remand should be favored over removal. *Kreimerman v. Veerkamp*, 22 F.3d 634, 645 (5th Cir. 1994).

Hill's complaint alleges that Wilson violated several provisions of Section 4 of Article 21.21

of the Texas Insurance Code. NML claims that Wilson, as an employee of NML, cannot be sued in his individual capacity for acts committed within the scope of his employment with NML. Section 3 of Article 21.21 prohibits any "person" from engaging in any trade practice that is defined by the Act as an unfair method of competition or an unfair or deceptive act or practice. Tex. Ins. Code art. 21.21, §3. Section 2(a) defines "person" as "any individual...engaged in the business of insurance, including agents, brokers, adjusters and life insurance counselors." *Id.*

In *Liberty Mutual Insurance Company v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998), the Texas Supreme Court held that the Texas legislature's use of the word "person" in Section 2(a) includes some employees of insurance companies. *Id.*, at 484-5. The *Garrison* court looked favorably on the Department of Insurance's view that "an insurance company employee may engage in the business of insurance, and therefore, may be a 'person' under Article 21.21." *Id.*, at 485. However, only those employees who have a "responsibility for the sale or servicing of insurance policies" or some "special insurance expertise" are engaging in the business of insurance. *Id.*, at 486.

In this case, it is at least possible that Wilson has special insurance expertise and is engaging in the business of insurance. His own declaration, included in Defendant's filings with this Court, identifies him as a "senior field benefit representative." See Defendants's Response to Plaintiff's Motion to Remand and Brief in Support, Appendix A, p. 1. If this position is more like a clerical worker or janitor that the Texas Supreme Court used as examples of those employees who are not engaged in the business of insurance, see *id.*, that is a determination for the Texas state court.

Therefore, the court finds that there is at least a possibility that Plaintiff Hill can maintain this action against Wilson, and thus Hill's motion to remand this case to state court must be granted.

CONCLUSION

The Court finds that there is at least a possibility that Plaintiff has a cause of action against Defendant Wilson under Texas Insurance Code Article 21.21. Thus, this Court has no diversity jurisdiction and this case must be remanded.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion to Remand (Doc. No. 17) is GRANTED and this cause shall be REMANDED to the 53rd Judicial District of Travis County, Texas.

IT IS FURTHER ORDERED that this case is CLOSED and any pending motions are hereby DISMISSED AS MOOT.

SIGNED AND ENTERED this _26th_ day of September, 2001.

_____
JAMES R. NOWLIN
CHIEF UNITED STATES DISTRICT JUDGE